■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE HAMLIN, Appellant. [834 NYS2d 144]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 25, 2005, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly exercised its discretion in declining to give an adverse inference instruction concerning the fact that a police officer discarded a photograph of the victim. The officer testified that he did so because the photo was too dark to show anything about the victim's physical condition, and the victim also testified to the poor quality of the photo. Since there is nothing in the record to suggest that this photo might have undermined the victim's testimony that defendant choked him during the robbery causing scratches to his neck, there was no prejudice to defendant (*see e.g. People v Adams*, 300 AD2d 92 [2002], *lv denied* 99 NY2d 625 [2003]). Moreover, defense counsel exploited the disappearance of the photograph in cross-examination and summation and defendant's conviction was predicated on the presence of an accomplice actually present, not injury. The evidence overwhelmingly established that this incident was a robbery of a cab driver, and not a dispute over an unpaid fare, as claimed by defendant. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.